## ESTATE OF J. P. RICAUD.

No. 7754—Aug. 23, 1877.

COSTS.—In case of costs for any purpose other than the charges of officers appointed by the Court, a cost bill should be filed as in civil cases.

HOMESTEAD.—On setting aside homestead, the fees of appraisers, reporters, and interpreter are payable by executor out of estate.

Construing sections, C. C. P., 1033, 1485.

### March 6, 1878.

PARTIAL DISTRIBUTION.—COMMUNITY PROPERTY.—Widow entitled to apply for the same as if she were an heir, notwithstanding the fact that her title is not that of an heir, but was vested in her during her husband's lifetime.

HEIR includes widow or survivor, when the word is used touching distribution.

Construing section, C. C. P., 1658.

*Jarboe & Harrison,* for executors.

*A. P. Needles* and *H. A. Powell,* for the widow.

The widow heretofore applied for family allowance and homestead, which was resisted by the executors and granted by the Court. She now applies to have all the expenses paid out of the estate.

By the COURT: The fees of the appraisers, reporter and interpreter will be paid by the executors, they being officers of the Court. As to the other costs, the statute requires a cost bill to be filed within five days after the judgment. No cost bill was filed within that time, therefore payment thereof is denied.

### March 6, 1878.

By the COURT: The widow of deceased applies under Sec. 1658, C. C. P., for distribution to her of a share of the estate. It is objected by the executors that the widow is not an heir within the meaning of that section. It is true that she is not an heir in the strict sense of the word; during the life of the husband she has an interest in the community property, her enjoyment thereof depending upon the death of the husband. Upon his death she receives no property in the way of heirship; she simply receives title to

what was hers.   But I am of opinion that the Legislature, by the use of the words "heir, devisee or legatee," did not intend to use the words in the strict technical sense, but in the larger sense of including all who succeed to or have the estate.   A purchaser from an heir is not an heir or devisee; yet I see no objection to his having partial distribution.   In many sections of the Code the word "heir" is used in such connection that it must be held to include the widow, or the Code would be largely inoperative.   In Sec. 1675 provision is made for partition between "heirs, devisees or legatees"; if the widow is not necessarily intended to be within these words, it would follow that there could be no partition of community property.

I am of opinion that a widow can have partial distribution the same as can an heir, devisee or legatee.   The objections are overruled.